UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDRE WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-4208-SEM-KLM |
| | ) |
| TRACY KEITHLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER ON AMENDED COMPLAINT

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 21) filed by Plaintiff *pro se* Andrew Winston, who is a civil detainee at the Illinois Department of Human Service's Treatment and Detention Facility at Rushville, Illinois ("Rushville").

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Background

Plaintiff alleged in his initial Complaint that Defendants violated his Fourteenth Amendment Due Process rights by engaging in actions designed to result in his continued detention at Rushville. The Court held that Plaintiff could not proceed on the initial Complaint because he failed to allege with specificity how each of the named Defendants violated his rights and because his claim appeared to be moot due to his scheduled release date from Rushville.

Plaintiff subsequently filed a motion asserting that he had not been released from Rushville, and the Court agreed that this case was not moot. The Court granted Plaintiff leave to file an amended complaint.

### III. Facts Alleged

Plaintiff's suit identifies the following Rushville staff as Defendants: Carly Rode, C. Waterkotte, S. Jumper, P. Lodge, A. Cobb, Greg Donathan, Tracy Keithley, Flackrel, and John Doe.

First, Plaintiff alleges that certain Defendants falsified or falsely represented that a video recording showed Plaintiff engaging in a rules violation at Rushville.

Defendants Rode and/or Doe wrote an incident report falsely accusing him of the rules violation. Defendant Waterkotte investigated and sent a report to Cook County to institute subsequent civil proceedings against Plaintiff, but Waterkotte edited the video evidence to misrepresent what had occurred. No one provided notice to Plaintiff that further civil proceedings could be initiated against him based upon a Rushville rules violation.

Defendants Jumper, Lodge, and Cobb were members of the behavior committee at Rushville that held a hearing on the alleged rules violation by Plaintiff. The committee did not provide him with the underlying incident report or disclose other evidence at last 24 hours in advance of the hearing. The information that the committee relied on when finding Plaintiff guilty of a rules violation

was concealed from him, to prevent cross-examination. As a result, Plaintiff was sentenced to 30 days in segregation, during which he could not access his property or speak with his family.

Second, Plaintiff alleges that certain Defendants entrapped him into violating Rushville's rules. Defendant Keithley directed Plaintiff to enter an unauthorized area in the facility. Defendant Flackrel found Plaintiff in the unauthorized area, resulting in Plaintiff being placed on "close" status. Plaintiff alleges that this could derail any future release from Rushville.

Finally, as the Program Director, Defendant Donathan presided over and denied all of Plaintiff's grievances and was responsible for final authorization of all determinations at Rushville.

### IV. Analysis

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 21) is granted.

To state a claim against Defendants for violating his Fourteenth Amendment Due Process rights, Plaintiff must allege that he was deprived of life, liberty, or property. *See Miller v. Dobier*, 634 F. 3d 412, 415 (7th Cir. 2011) ("Without a deprivation of liberty or property (or life…) there is no constitutional duty to

provide due process; but if there is such a deprivation the duty attaches"). Put differently, a plaintiff's right to due process is not violated if the plaintiff has not been deprived of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995).

For Rushville detainees, a distinction is drawn, as a matter of law, between "close" status and segregation. Simply put, segregation implicates a liberty interest, while "close" status does not. *See Miller*, 634 F. 3d at 415 ("Close" status avoids the "extremes…encountered in segregation units," and the restrictions of "close" status "are too limited to amount to a deprivation of constitutional liberty") (collecting cases); *see also Brown v. Scott*, 720 Fed. Appx. 296, 298 (7th Cir. Dec. 7, 2017).

Here, Plaintiff alleges that he was placed in segregation as a result of the first incident report with falsified video. Therefore, he was entitled to due process. Plaintiff may proceed with his Fourteenth Amendment claim against Defendants Rode, Doe, Waterkotte, Jumper, Lodge, and Cobb for their role in falsifying an incident report, an investigation, and a video, and denying him proper notice prior to disciplining him with segregation.

However, Plaintiff alleges that the second incident, in which Defendants Keithley and Flackrel entrapped him, resulted only in Plaintiff being placed on "close" status. Therefore, because no liberty interest was implicated, Plaintiff has not stated a Fourteenth Amendment claim against Defendants Keithley and Flackrel. *See Kugler v. Donothan*, 2023 WL 2958469, *2 (C.D. Ill. Apr. 14, 2023) (dismissing amended complaint at screening because Rushville's "close" status is not actionable under the Due Process Clause). The mere possibility that this incident might, at some unspecified point in the future, derail Plaintiff's release from Rushville, is too speculative to support a claim that this incident resulted in a deprivation of Plaintiff's liberty more generally.

Finally, Plaintiff alleges generally that Defendant Donathan was the final authority at Rushville, and specifically alleges only that Donathan denied all of Plaintiff's grievances. Standing alone, "the alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Furthermore, supervisors and administrators are not liable based solely on their supervisory roles. *See Brown v. Randle*, 847

F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Plaintiff does not allege with any specificity Donathan's involvement in the acts of Defendants Rode, Doe, Waterkotte, Jumper, Lodge, and Cobb in falsifying evidence and disciplining Plaintiff with segregation. Therefore, Plaintiff's claim against Defendant Donathan due only to his supervisory role must fail.

However, at this time, Defendant Donathan will remain in the case for the purpose of aiding in identifying the John Doe Defendant. *See Donald v Cook County Sheriff's Department*, 95 F.3d 548, 557 (7th Cir. 1996) (district courts are to aid pro se litigants in identifying Doe defendants). After the Doe Defendant is identified, Plaintiff should then seek leave to amend his complaint to add the individual as a Defendant, and Defendant Donathan will be dismissed. The Court will explain this process in more detail in a Scheduling Order that the Court will enter in the future.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [21] is granted.**

2) **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Due Process claim against Defendants Rode, Doe, Waterkotte, Jumper, Lodge, and Cobb. Claims against Defendants Keithley and Flackrel are DISMISSED. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **Defendant Donathan remains in this case only for the purpose of aiding in the identification of the Doe Defendant.**

4) **The Court directs the CLERK to TERMINATE Tracy Keithley, A. Hoyt, D. Lucas, B. Wallance, B. Wallace, Flackrel, and K. Hanning from this case.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed their Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This**

information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in

  **mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED April 26th, 2024.

       s/ *Sue E. Myerscough*
      _____
       SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE