E-FILED
Wednesday, 14 May, 2025  11:03:47 AM
Clerk, U.S. District Court, ILCD

## ITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANDRE WINSTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-4208-SEM-EIL |
| | ) | |
| TRACY KEITHLEY, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 57) and a Stipulation of Dismissal (Doc. 78), both filed by *pro se* Plaintiff Andre Winston.  In the Stipulation, Plaintiff agrees to dismiss all claims against all Defendants relating to the events of August 14, 2023.  However, Plaintiff still wishes the Court to consider his Motion for Leave to File Amended Complaint, which arises out of an incident on December 1, 2023.

The Court also addresses other pending discovery and miscellaneous motions in this order and resets deadlines accordingly.

### I. Background

Plaintiff, a civil detainee at the Illinois Department of Human Service's Treatment and Detention Center at Rushville, Illinois ("Rushville"), filed the instant suit on November 17, 2023.  Plaintiff filed a Motion for Leave to File Amended Complaint on March 26, 2024, which the Court granted.

In the Court's Merit Review Order on Amended Complaint (Doc. 22), the Court held that Plaintiff could proceed on a Fourteenth Amendment Due Process claim against Defendants Rode, Doe, Waterkotte, Jumper, Lodge, and Cobb for their role in allegedly falsifying an incident report, an investigation, and a video, and denying Plaintiff proper notice prior to disciplining him with segregation.  As previously indicated, the Amended Complaint related to an incident report and resulting discipline issued in August 2023.

The Court's Scheduling Order entered August 26, 2024, directed that "[a]ny motion for leave to amend the complaint shall be filed within 90 days of this Order."  (Doc. 48, at 2 ¶ 2). Therefore, Plaintiff's deadline to file an amended complaint was November 25, 2024.

Plaintiff timely filed the instant Motion for Leave to File
Amended Complaint (Doc. 57) on October 10, 2024.  Plaintiff then
filed a Stipulation of Dismissal (Doc. 78) on March 5, 2025.

## II. Motion to Amend Complaint

The Court first turns to Plaintiff's Motion for Leave to File
Amended Complaint.  In that Motion, Plaintiff explained how the
proposed second amended complaint differed from the operative
complaint indicating, in part, that he had determined that the
correct name for the Defendant who had written the relevant
incident report was Courtney Rhoades, not Carly Rode (at other
times referred to as Carly Rhoades).

Plaintiff's proposed second amended complaint alleges that on
December 1, 2023, Courtney Rhoades wrote Plaintiff a "false"
incident report and "planted evidence" with the intention of
disciplining Plaintiff and/or impeding his conditional release from
Rushville.

Plaintiff alleges that he was never issued the incident report in
advance of his behavior committee hearing before committee
members Jumper, Wagner, and Lucas, nor was he notified that the
incident would be used against him in civil commitment

proceedings.  The behavior committee placed Plaintiff in segregation for 30 days and also changed his status and privileges and required all male escorts of Plaintiff.

Plaintiff also complains that Waterkotte was charged with reviewing the video footage but he "withheld, altered, or destroyed [the] evidence in [Plaintiff's] favor."

Plaintiff alleges that Donathan failed to correct the alleged errors in Plaintiff's discipline after Plaintiff notified him with a grievance.

Defendants filed a Response (Doc. 58) to Plaintiff's Motion, indicating they had no objection to Plaintiff filing the Amended Complaint but asking that the Court conduct a new merit review.

Plaintiff's Motion to Amend, which was timely filed in compliance with the Scheduling Order and to which Defendants did not object, is GRANTED.  *See also* Fed. R. Civ. P. 15(a)(2) ("court should freely give leave [to amend] when justice so requires").

The Second Amended Complaint is now the operative pleading in this case.

Plaintiff may proceed on a Fourteenth Amendment Due Process claim against Defendants Rhoades and Waterkotte for their

respective roles in allegedly falsifying an incident report and altering or destroying relevant video, and against Jumper, Wagner, and Lucas for denying Plaintiff proper notice prior to disciplining him with segregation.  *See* Merit Review Order (Doc. 22, at 5), *citing Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011) (Rushville detainee has adequately alleged he was deprived of constitutionally protected liberty interest where he was sent to segregation).

However, for the reasons already explained in the prior Merit Review, Plaintiff may not proceed with a claim against Defendant Donathan for failing to overturn Plaintiff's discipline in response to a grievance.  *See* Merit Review Order (Doc. 22, at 6-7), *citing Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim"); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) (no supervisory liability).

### III. Stipulation of Dismissal

Plaintiff filed a Stipulation of Dismissal after he filed the foregoing Motion to Amend.  In the stipulation, filed pursuant to Federal Rule 41(a) and without objection from Defendants, Plaintiff

agreed to dismiss all claims relating to events associated with the
incident report written in August 2023.

Plaintiff further clarified in a Response (Doc. 80) to this
Court's Text Order of April 21, 2025, that he stipulates to dismiss
without prejudice all claims against Defendants Jumper, Donathan,
Lodge, Cobb, Waterkotte, and Carly Rode.  Defendants filed Notice
(Doc. 79) indicating that they had no objection to Plaintiff
dismissing the claim arising out of the August 2023 incident report.
Defendants indicated that they "do object to adding new people
regarding a separate event to this case," referring back to their
Response (Doc. 58) to the Motion to Amend.[1]

---

[1] In fact, in Defendants' Response (Doc. 58), Defendants did
not object to the Second Amended Complaint on the basis that it
arose out of a separate incident in December 2023.  Rather, as
described above, Defendants simply asked that the Court conduct a
new merit review and, specifically, asked that the Court dismiss
Plaintiff's claims against the behavior committee members and
Defendant Donathan.

The Court granted Plaintiff leave to amend and to pursue a
claim based upon the December 2023 incident and subsequent
discipline.  *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable
notice, the court may, on just terms, permit a party to serve a
supplemental pleading setting out any transaction, occurrence, or
event that happened after the date of the pleading to be
supplemented.").

Pursuant to Rule 41(a)(1)(A)(ii), Plaintiff's claims against Defendants Jumper, Donathan, Lodge, Cobb, Waterkotte, and Carly Rode (a/k/a Rhoades) are dismissed without prejudice.

Therefore, Plaintiff proceeds on a Fourteenth Amendment Due Process claim against only Defendants Courtney Rhoades, Wagner, and Lucas for an incident report and discipline issued in December 2023.

## IV. Discovery Motions

Also pending before the Court are various discovery motions filed by the parties.

Pursuant to the initial Scheduling Order, discovery in this case was set to close on February 26, 2025, with dispositive motions due March 26, 2025.  Plaintiff and Defendants have filed Motions for Extension of Time (Docs. 60, 66, 73, 74) to complete discovery and to file dispositive motions.

Because Plaintiff is now proceeding on claims against new Defendants, who have not yet been served, the Court finds good cause to GRANT the foregoing Motions for Extension of Time and hereby resets the deadlines as follows: Discovery due January 30, 2026; dispositive motions due March 2, 2026.

Plaintiff has also filed Motions to Compel Discovery from Defendants Carly Rode (a/k/a Rhoades), Jumper, Lodge, and Cobb (Doc. 70) and Defendant Waterkotte (Docs. 71, 72).  Plaintiff's Motions are denied as MOOT because all three Motions seek to compel discovery from Defendants who are now dismissed, pursuant to the stipulation filed by Plaintiff.

## V. Motion to Waive Judgment/Fees

Finally, Plaintiff has filed a Motion to Waive Judgment/Fees (Doc. 62) in the amount of $1,230.66.  In his Motion, Plaintiff references a judgment entered September 30, 2024, and a letter from Defendant(s) dated November 22, 2024.

Upon review of the docket, the Court could not discern what costs or judgment Plaintiff was referencing, as no judgment or other order was entered in this case on September 30, 2024.  Defendants filed a Response (Doc. 63) indicating that Plaintiff's Motion appeared to be regarding a judgment for costs entered against him in Central District Case No. 22-cv-4189.

This Court is not aware of any authority it has to waive costs or modify a judgment in another case.  If Plaintiff wishes to seek

such relief, he should do so in the case in which those costs were assessed.  *See* Fed. Rs. Civ. P. 59, 60, 62.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [57] is GRANTED. The Clerk is directed to file [57]-1 as Plaintiff's Second Amended Complaint.**

2) **According to the Court's screening of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Due Process claim against Defendants Courtney Rhoades and behavior committee members Wagner and Lucas.  Additional claims shall not be included in this case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **Pursuant to the Stipulation of Dismissal [78], the following Defendants are DISMISSED: Shan Jumper, John/Jane Does, Greg Donathan, Paula Lodge, Andrea Cobb, Cody Waterkotte, and Carly Rhoades.**

4) **The Clerk is directed to attempt service on Defendants under the standard procedures.**

5) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

6) **Plaintiff's Motion to Waive Judgment/Fees [62] is DENIED.**

7) **Plaintiff's Motions to Compel [70], [71], [72] are DENIED as MOOT.**

8)    **The Motions for Extension of Time [60], [66], [73], [74] are GRANTED.  Discovery is now due January 30, 2026. Dispositive motions are due March 2, 2026.**

ENTERED May 14, 2025.


                    s/ *Sue E. Myerscough*

        _____
                SUE E. MYERSCOUGH
            UNITED STATES DISTRICT JUDGE